UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE CAT BALL, LLC,<br>a Washington Limited Liability Company,<br><br><br>PLAINTIFF,<br><br>v.<br><br>FURHAVEN PET PRODUCTS, INC.,<br>a Washington Corporation,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FALSE ADVERTISING, TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, PACKAGING TRADE DRESS INFRINGEMENT, PRODUCT TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

CASE NUMBER:

PLAINTIFF THE CAT BALL, LLC alleges for its Complaint as follows:

**I.      NATURE OF THE CASE**

1.      This is an action under the Lanham Act, 15 U.S.C. §§ 1125 et seq., and state law for false advertising, trademark infringement in violation of the Lanham Act, packaging trade dress infringement, product trade dress infringement and unfair competition arising from

COMPLAINT                    1

GRAYBEAL JACKSON LLP
400-108ᵀᴴ AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

DEFENDANT's unlawful making, importing, using, selling and offering to sell cat beds where DEFENDANT used knowingly false advertisements, used PLAINTIFF's trademarks and used both PLAINTIFF's packaging trade dress and product design trade dress.  DEFENDANT's acts are willful and are likely to cause confusion amongst consumers.

## II.   JURISDICTION AND VENUE

2.     The Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction based on federal question jurisdiction).

3.     Venue is proper under 28 U.S.C. § 1391 (general) and 28 U.S.C. § 1400(b) (designs) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and because both parties are located in this judicial district.

## III.   THE PARTIES

4.     PLAINTIFF THE CAT BALL, LLC is a manufacturer, seller and distributor of designer cat beds and is a Washington limited liability company with a place of business in Bellevue, WA 98008.

5.     PLAINTIFF THE CAT BALL, LLC, including through its authorized retailers, manufactures, sells, offers for sale and/or distributes designer cat beds including the "CAT BALL" cat bed that is the subject of this lawsuit, in the United States including in this judicial district.

6.     On information and belief, DEFENDANT FURHAVEN PET PRODUCTS, INC.

COMPLAINT                              2

(FURHAVEN) is a manufacturer, seller and distributor of a cat bed that DEFENDANT has sold as the "SLEEP AND PEEK" cat bed.

7.       On information and belief, DEFENDANT is a Washington corporation with a place of business at 702 Kentucky Street, Suite 531, Bellingham, Washington 98225, and has been selling, importing, offering for sale and otherwise conducting business related to pet beds in this judicial district.

8.       For convenience, certain subject matter headings are provided below.  Such headings are for convenience only and do not constitute allegations of the Complaint.  Further, the facts under such headings are not limited solely to such headings: facts under one heading can and do relate to and/or support allegations or claims under another heading.

**IV.      FACTUAL BACKGROUND**

A.       PLAINTIFF'S "CAT BALL" CAT BED PRODUCT

9.       PLAINTIFF makes, offers for sale and sells a certain cat bed known as the CAT BALL.

10.      One example of the CAT BALL cat bed is reproduced below:

COMPLAINT                                    3

Cat Ball Kitty Cave Bed in Stripes and
Geometric

11.     Some further photos showing true and accurate representations of PLAINTIFF'S the CAT

BALL cat bed are provided in Exhibit A and Exhibit B hereto.

B.      DEFENDANT'S COPY OF THE "CAT BALL" CAT BED

12.     DEFENDANT makes, offers for sale and sells cat beds.

13.     DEFENDANT makes, offers for sale and sells a certain cat bed sometimes referred to as

the FURHAVEN SLEEP AND PEEK.

14.     One example of a FURHAVEN SLEEP AND PEEK cat bed is reproduced below:

COMPLAINT                    4

15.     Hereinafter, unless the context indicates otherwise, the cat bed described for example in paragraph 13 and shown in paragraph 14 shall be referred to as "DEFENDANT's accused cat bed".

16.     The example of DEFENDANT's accused cat bed in paragraph 14 can be found at http://www.groupon.com/deals/gg-furhaven-cat-ball-sleep-and-peak# (second photo).  A true and accurate copy of the portion of the web-page showing DEFENDANT's accused cat bed is attached hereto as Exhibit C.

17.     A true and accurate copy of an AliBaba web-page advertising DEFENDANT's accused cat bed is Exhibit D hereto.

18.     A true and accurate copy of a BargainEZ web-page advertising DEFENDANT's accused cat bed is Exhibit E hereto.

19.     A true and accurate copy of a DealHandler web-page advertising DEFENDANT's accused cat bed is Exhibit F hereto.

COMPLAINT                                    5

GRAYBEAL JACKSON LLP
400-108ᵀᴴ AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

20.     A true and accurate copy of a DealUPA web-page advertising DEFENDANT's accused cat bed is Exhibit G hereto.

21.     A true and accurate copy of a Yipit web-page advertising DEFENDANT's accused cat bed is Exhibit H hereto.

22.     A true and accurate copy of a Zipmydeals web-page advertising DEFENDANT's accused cat bed is Exhibit I hereto.

C.      DEFENDANT'S   KNOWING   ACTS:   DEFENDANT   PURCHASED   ONE   OF PLAINTIFF'S "CAT BALL" CAT BEDS IN 2012 THEN COPIED IT

23.     On information and belief, Jaynie Gablehouse is the "Creative Manager" at DEFENDANT FURHAVEN.

24.     A true and accurate copy of a web-page from LinkedIn that identifies Ms. Gablehouse as the "Creative Manager" at DEFENDANT FURHAVEN is Exhibit J hereto.

25.     On July 12, 2012, a person identifying herself as "Jaynie Gablehouse" purchased one of PLAINTIFF's CAT BALL cat beds in tangerine and hot pink.

26.     A true and accurate copy of the order form for the purchase by "Jaynie Gablehouse" of one of PLAINTIFF's CAT BALL cat beds is Exhibit K hereto.

27.     On information and belief, Jaynie Gablehouse that is the "Creative Manager" at DEFENDANT FURHAVEN is the same "Jaynie Gablehouse" that purchased one of PLAINTIFF's CAT BALL cat beds on July 12, 2012.

28.     On information and belief, DEFENDANT FURHAVEN introduced DEFENDANT's accused cat bed after July 12, 2012.

COMPLAINT                    6

29.     On information and belief, DEFENDANT FURHAVEN copied the shape of PLAINTIFF's CAT BALL cat bed purchased by "Jaynie Gablehouse".

30.     On information and belief, DEFENDANT FURHAVEN copied the look and feel of PLAINTIFF's CAT BALL cat bed purchased by "Jaynie Gablehouse".

31.     On information and belief, DEFENDANT FURHAVEN copied the packaging of PLAINTIFF's CAT BALL cat bed purchased by "Jaynie Gablehouse".

32.     DEFENDANT's accused cat bed is made of inferior materials compared to PLAINTIFF's CAT BALL cat bed.

33.     DEFENDANT's accused cat bed is of low quality compared to PLAINTIFF's CAT BALL cat bed.

34.     On information and belief, the inferior materials and quality of DEFENDANT's accused cat bed are damaging the reputation of PLAINTIFF and PLAINTIFF's CAT BALL cat bed.

**V.     DEFENDANT'S WRONGFUL ACTS**

A.     DEFENDANT   INTENTIONALLY   FALSELY   ADVERTISED   DEFENDANT'S ACCUSED CAT BED AS "UNIQUE" OR "ONE OF A KIND"

35.     As noted above for example in paragraphs 23-34, DEFENDANT purchased and copied PLAINTIFF's CAT BALL cat bed.

36.     Attached hereto as Exhibit L(a) – L(d) is a true and accurate copy of a 2013 FURHAVEN catalog from DEFENDANT's web-site.

37.     Page 5 of DEFENDANT's catalog in Exhibit L(a) – L(d) advertises DEFENDANT's accused cat bed.

COMPLAINT                    7

38.     The first line of DEFENDANT's advertisement Exhibit L(a) – L(d) states that DEFENDANT's "Sleep And Peek" cat bed is a "Unique 'ball' style foam bed.".

39.     The statement in DEFENDANT's advertisement discussed in paragraphs 36-38 is false.

40.     The statement in DEFENDANT's advertisement discussed in paragraphs 36-38 is false because DEFENDANT's accused cat bed is indistinguishable from PLAINTIFF's CAT BALL cat bed and thus cannot be "unique".

41.     The statement in DEFENDANT's advertisement discussed in paragraphs 36-38 is false because by definition a copy of something cannot be "unique".

42.     The statement in DEFENDANT's advertisement discussed in paragraphs 36-38 is intentionally false because DEFENDANT knows that DEFENDANT copied PLAINTIFF's CAT BALL cat bed, and thus DEFENDANT knows that DEFENDANT's accused cat bed is not "unique".

43.     The statement in DEFENDANT's advertisement discussed in paragraphs 36-38 misrepresents the nature, characteristics, and/or qualities of DEFENDANT's accused cat bed.

44.     On information and belief, the statement in DEFENDANT's advertisement discussed in paragraphs 36-38 intentionally misrepresents the nature, characteristics, and/or qualities of DEFENDANT's accused cat bed.

45.     Attached hereto as Exhibit M is a true and accurate copy of a 2014 FURHAVEN catalog from DEFENDANT's web-site, http://www.furhaven.com/sites/default/files/content/catalog.pdf.

46.     Page 4 of DEFENDANT's catalog in Exhibit M advertises DEFENDANT's accused cat bed.

47.     The first line of DEFENDANT's advertisement Exhibit M states that DEFENDANT's

COMPLAINT                                    8

"sleep and peek" cat bed is a "Unique 'ball' style foam bed.".

48.     The statement in DEFENDANT's advertisement discussed in paragraphs 45-47 is false.

49.     The statement in DEFENDANT's advertisement discussed in paragraphs 45-47 is false because DEFENDANT's accused cat bed is indistinguishable from PLAINTIFF's CAT BALL cat bed.

50.     The statement in DEFENDANT's advertisement discussed in paragraphs 45-47 is false because by definition a copy of something else cannot be "unique".

51.     The statement in DEFENDANT's advertisement discussed in paragraphs 45-47 is intentionally false because DEFENDANT knows that DEFENDANT copied PLAINTIFF's CAT BALL cat bed, and thus DEFENDANT knows that DEFENDANT's accused cat bed is not "unique".

52.     The statement in DEFENDANT's advertisement discussed in paragraphs 45-47 misrepresents the nature, characteristics, and/or qualities of DEFENDANT's accused cat bed.

53.     On information and belief, the statement in DEFENDANT's advertisement discussed in paragraphs 45-47 intentionally misrepresents the nature, characteristics, and/or qualities of DEFENDANT's accused cat bed.

54.     Attached hereto as Exhibit N is a true and accurate copy of an advertisement on GROUPON for DEFENDANT's accused cat bed.

55.     Page 5 of DEFENDANT's advertisement in Exhibit N advertises DEFENDANT's accused cat bed.

56.     The first line of DEFENDANT's advertisement Exhibit N states that DEFENDANT's accused cat bed has a "one-of-a-kind design".

COMPLAINT                               9

GRAYBEAL JACKSON LLP
400-108TH AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

57.     The statement in DEFENDANT's advertisement discussed in paragraphs 54-56 is false.

58.     The statement in DEFENDANT's advertisement discussed in paragraphs 54-56 is false because DEFENDANT's accused cat bed is indistinguishable from PLAINTIFF's CAT BALL cat bed.

59.     The statement in DEFENDANT's advertisement discussed in paragraphs 54-56 is false because by definition a copy of something else cannot be "one-of-a-kind".

60.     The statement in DEFENDANT's advertisement discussed in paragraphs 54-56 is intentionally false because DEFENDANT knows that DEFENDANT copied PLAINTIFF's CAT BALL cat bed, and thus DEFENDANT knows that DEFENDANT's accused cat bed is not a "one-of-a-kind design".

61.     The statement in DEFENDANT's advertisement discussed in paragraphs 54-56 misrepresents the nature, characteristics, and/or qualities of DEFENDANT's accused cat bed.

62.     On information and belief, the statement in DEFENDANT's advertisement discussed in paragraphs 54-56 intentionally misrepresents the nature, characteristics, and/or qualities of DEFENDANT's accused cat bed.


B.      DEFENDANT HAS WRONGFULLY USED PLAINTIFF'S "CAT BALL" BRAND NAME AND TRADEMARK

63.     PLAINTIFF has publicly identified its brand of cat bed shown for example in Exhibits A and B as the CAT BALL.

64.     PLAINTIFF has branded the cat bed shown for example in Exhibits A and B as the CAT BALL.

COMPLAINT                          10

65.    PLAINTIFF has used the CAT BALL trade name for its brand of cat bed shown for example in Exhibits A and B.

66.    PLAINTIFF has offered for sale and sold its brand of cat bed shown for example in Exhibits A and B under the CAT BALL trademark.

67.    On information and belief, consumers view the brand name CAT BALL as an indicator the product's source.

68.    On information and belief, PLAINTIFF's trademark CAT BALL is distinctive.

69.    On information and belief, PLAINTIFF's trademark CAT BALL is well-known.

70.    PLAINTIFF has filed for federal trademark protection for CAT BALL.

71.    As of the date of filing this Complaint, February 28, 2014, PLAINTIFF's federal trademark application for CAT BALL is currently pending in the U.S. Patent and Trademark Office but has not yet received substantive examination.

72.    PLAINTIFF has filed for federal trademark protection for THE CAT BALL.

73.    As of the date of filing this Complaint, February 28, 2014, PLAINTIFF's federal trademark application for THE CAT BALL is currently pending in the U.S. Patent and Trademark Office but has not yet received substantive examination.

74.    Defendant has offered DEFENDANT's accused cat bed for sale using PLAINTIFF'S brand name CAT BALL.

75.    On information and belief, Defendant has sold DEFENDANT's accused cat bed using PLAINTIFF'S brand name CAT BALL.

76.    Exhibits C through I show true and accurate copies of advertisements for DEFENDANT's accused cat beds in which DEFENDANT refers to its product as the "FURHAVEN CAT BALL

COMPLAINT                                    11

SLEEP AND PEEK".

77.     Exhibits C through I show true and accurate copies of advertisements for DEFENDANT's accused cat beds in which DEFENDANT uses PLAINTIFF'S brand name CAT BALL to sell DEFENDANT's SLEEP AND PEEK cat beds.

78.     On information and belief, DEFENDANT knew of PLAINTIFF's CAT BALL brand name at the time the ads in Exhibits C through I were created.

79.     On information and belief, DEFENDANT knew of PLAINTIFF's CAT BALL brand name at the time the ads in Exhibits C through I were published.

80.     On information and belief, DEFENDANT intentionally traded on PLAINTIFF's CAT BALL brand name in using PLAINTIFF's CAT BALL brand name in the ads in Exhibits C through I.

81.     DEFENDANT copied PLAINTIFF's CAT BALL brand name.

82.     DEFENDANT's use of PLAINTIFF's CAT BALL trademark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, of DEFENDANT's accused cat bed with PLAINTIFF, and/or as to the origin, sponsorship, or approval of DEFENDANT's accused cat bed, or commercial activities by PLAINTIFF.

83.     DEFENDANT intentionally copied PLAINTIFF's CAT BALL trademark in order to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, of DEFENDANT's accused cat bed with PLAINTIFF, and/or as to the origin, sponsorship, or approval of DEFENDANT's accused cat bed, or commercial activities by PLAINTIFF.

84.     On information and belief, DEFENDANT's use of PLAINTIFF's CAT BALL trademark has caused actual confusion among consumers.

COMPLAINT                           12

85.     Attached hereto as Exhibit O is a true and accurate copy of a web-page from Pinterest, www.pinterest.com/pin/380132024768400482, in which a Pinterest user repeated DEFENDANT's use of PLAINTIFF's CAT BALL trademark in association with DEFENDANT's accused cat bed.

86.     The copy of the web-page from Pinterest in Exhibit O is one example of DEFENDANT's use of PLAINTIFF's CAT BALL trademark having caused actual confusion among consumers.


C.     DEFENDANT HAS COPIED PLAINTIFF'S PACKAGING TRADE DRESS IN THE
        CAT BALL CAT BED

87.     PLAINTIFF has packaged, and offered for sale and sold, its CAT BALL cat bed in a packaging presentation as shown below; the photos below are also provided in Exhibits P and Q hereto.

COMPLAINT                      13

GRAYBEAL JACKSON LLP
400-108TH AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575




88.     On information and belief, consumers view the packaging of the CAT BALL cat bed as an indicator the product's source.

89.     On information and belief, the packaging of the CAT BALL cat bed is distinctive.

90.     On information and belief, the packaging of the CAT BALL cat bed is well-known.

91.     Attached hereto as Exhibit R is a true and accurate copy of a review of the CAT BALL cat bed at cattipper.com http://www.cattipper.com/reviews/2012/review-the-cat-ball.html.

92.     The review of the CAT BALL cat bed at cattipper.com states and shows in part:

> We reviewed the Cat Ball in sage green polyester microfiber although you'll find a wide variety of prints and colors to complement your decor. The interior of the Cat Ball is 100% cotton.

COMPLAINT                    14

GRAYBEAL JACKSON LLP
400-108ᵀᴴ AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

The Cat Ball arrives folded…



…and the seams are finished with hand cut bias in a coordinating print…



93.    The review of the CAT BALL cat bed at cattipper.com is one example demonstrating that

COMPLAINT                    15

GRAYBEAL JACKSON LLP
400-108TH AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

the packaging of the CAT BALL cat bed is an indicator the product's source.

94.     The review of the CAT BALL cat bed at cattipper.com is one example demonstrating that PLAINTIFF'S packaging for CAT BALL cat bed is distinctive.

95.     The review of the CAT BALL cat bed at cattipper.com is one example demonstrating that PLAINTIFF'S packaging for CAT BALL cat bed is well known.

96.     DEFENDANT has packaged, offered for sale and sold, DEFENDANT's accused cat bed in a packaging presentation as shown below; the photos below are also provided in Exhibits S and T hereto.




97.     Photographs comparing the packaging and presentation of the CAT BALL cat bed against

COMPLAINT                          16

DEFENDANT's cat bed are shown below; the photos below are also provided in Exhibits U and V hereto.





98.     DEFENDANT'S packaging for DEFENDANT's accused cat bed is indistinguishable from PLAINTIFF's packaging for PLAINTIFF's CAT BALL cat bed.

COMPLAINT                17

99.     On information and belief, DEFENDANT knew of PLAINTIFF'S packaging of the CAT BALL cat bed at the time DEFENDANT created DEFENDANT's accused cat bed.

100.    On information and belief, DEFENDANT knew of PLAINTIFF'S packaging of the CAT BALL cat bed at the time DEFENDANT offered for sale and sold DEFENDANT's accused cat bed.

101.    On information and belief, DEFENDANT copied PLAINTIFF'S packaging of the CAT BALL cat bed.

102.    DEFENDANT's use of packaging indistinguishable from the packaging for PLAINTIFF's CAT BALL cat bed is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, of DEFENDANT's accused cat bed with PLAINTIFF, and/or as to the origin, sponsorship, or approval of DEFENDANT's accused cat bed, or commercial activities by PLAINTIFF.

103.    On information and belief, DEFENDANT intentionally copied the packaging for PLAINTIFF's CAT BALL cat bed in order to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, of DEFENDANT's accused cat bed with PLAINTIFF, and/or as to the origin, sponsorship, or approval of DEFENDANT's accused cat bed, or commercial activities by PLAINTIFF.

104.    On information and belief, DEFENDANT's use of PLAINTIFF's CAT BALL packaging has caused actual confusion among consumers.

D.      DEFENDANT HAS COPIED PLAINTIFF'S TRADE DRESS SHAPE IN THE CAT BALL CAT BED

COMPLAINT                    18

105.    PLAINTIFF has offered for sale and sold, its CAT BALL cat bed in a trade dress shape as shown, for example, in Exhibit A and Exhibit B hereto.

106.    On information and belief, consumers view the trade dress shape of the CAT BALL cat bed as an indicator the product's source.

107.    On information and belief, the trade dress shape of the CAT BALL cat bed is distinctive.

108.    On information and belief, the trade dress shape of the CAT BALL cat bed is well-known.

109.    The review in Exhibit R of the CAT BALL cat bed at cattipper.com is one example demonstrating that the trade dress shape of the CAT BALL cat bed is an indicator the product's source.

110.    The review of the CAT BALL cat bed at cattipper.com is one example demonstrating that PLAINTIFF'S trade dress shape for CAT BALL cat bed is distinctive.

111.    The review of the CAT BALL cat bed at cattipper.com is one example demonstrating that PLAINTIFF'S trade dress shape for CAT BALL cat bed is well known.

112.    DEFENDANT has offered for sale and sold, DEFENDANT's accused cat bed in a trade dress shape as shown for example in Exhibits C to I.

113.    Photographs comparing the trade dress shape of the CAT BALL cat bed against DEFENDANT's cat bed from different angles (front, back, top-up, bottom-up, perspective); the photos below are also provided in Exhibits W to AA hereto.

COMPLAINT                              19



114.    DEFENDANT'S   trade   dress   shape   for   DEFENDANT's   accused   cat   bed   is

indistinguishable from PLAINTIFF's trade dress shape for PLAINTIFF's CAT BALL cat bed.

115.    On information and belief, DEFENDANT knew of PLAINTIFF'S trade dress shape of the

CAT BALL cat bed at the time DEFENDANT created DEFENDANT's accused cat bed.

116.    On information and belief, DEFENDANT knew of PLAINTIFF'S trade dress shape of the

CAT BALL cat bed at the time DEFENDANT offered for sale and sold DEFENDANT's accused

cat bed.

GRAYBEAL JACKSON LLP
400-108TH AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

117.     On information and belief, DEFENDANT copied PLAINTIFF'S trade dress shape of the CAT BALL cat bed.

118.     DEFENDANT's use of trade dress shape indistinguishable from the trade dress shape for PLAINTIFF's CAT BALL is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, of DEFENDANT's accused cat bed with PLAINTIFF, and/or as to the origin, sponsorship, or approval of DEFENDANT's accused cat bed, or commercial activities by PLAINTIFF.

119.     On information and belief, DEFENDANT intentionally copied the trade dress shape for PLAINTIFF's CAT BALL cat bed in order to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, of DEFENDANT's accused cat bed with PLAINTIFF, and/or as to the origin, sponsorship, or approval of DEFENDANT's accused cat bed, or commercial activities by PLAINTIFF.

120.     On information and belief, DEFENDANT's use of PLAINTIFF's CAT BALL trade dress shape has caused actual confusion among consumers.


**FIRST CAUSE OF ACTION**

**FEDERAL FALSE ADVERTISING IN VIOLATION OF SECTION 43(a)(1)(B) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(B)**

121.     PLAINTIFF realleges paragraphs 1 through 120 above as if fully set forth herein.

122.     DEFENDANT's advertisements have stated that DEFENDANT's accused products are "unique".   These statements are materially false statements that misrepresent the nature, characteristics and qualities of DEFENDANT's accused products. These are material

COMPLAINT                          21

misrepresentations upon which customers or potential customers have, and will rely. DEFENDANT's actions therefore mislead and harm customers and consumers as well as damage PLAINTIFFS' sales, good name and reputation in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

123.    DEFENDANT's advertisements have stated that DEFENDANT's accused products are "one-of-a-kind".  These statements are materially false statements that misrepresent the nature, characteristics and qualities of DEFENDANT's accused products.  These are material misrepresentations upon which customers or potential customers have, and will rely. DEFENDANT's actions therefore mislead and harm customers and consumers as well as damage PLAINTIFFS' sales, good name and reputation in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

124.    DEFENDANT willfully and intentionally misrepresented the nature, characteristics, qualities, or geographic origin of DEFENDANT's goods, services, or commercial activities.

125.    PLAINTIFF has sustained and will continue to sustain substantial damages and harm including harm to PLAINTIFF's reputation and goodwill due to DEFENDANT's acts.

126.    PLAINTIFF is entitled to compensatory, statutory and enhanced damages, attorneys' fees and costs of suit incurred in connection with this action, and preliminary and permanent injunctive relief.


**SECOND CAUSE OF ACTION**

**UNFAIR COMPETITION BY USE OF PLAINTIFF'S "CAT BALL" BRAND NAME IN VIOLATION OF SECTION 43(a)(1)(A) OF THE LANHAM ACT, 15 U.S.C. §**

COMPLAINT                         22

GRAYBEAL JACKSON LLP
400-108TH AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

**1125(a)(1)(A)**

127.     PLAINTIFF realleges paragraphs 1 through 126 above as if fully set forth herein.

128.     Defendant has advertised, offered for sale and sold DEFENDANT's accused cat bed using PLAINTIFF'S brand name and trademark "CAT BALL".

129.     This use of PLAINTIFF'S brand name and trademark "CAT BALL" on or in connection with DEFENDANT's goods or services, and/or on DEFENDANT's containers for its goods, constitutes use in of a word, term, name that is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of DEFENDANT with PLAINTIFF, and also is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of DEFENDANT's goods, services, or commercial activities by PLAINTIFF.

130.     DEFENDANT willfully and intentionally committed the acts described in the preceding two paragraphs.

131.     PLAINTIFF has sustained and will continue to sustain substantial damages and harm including harm to PLAINTIFF's reputation and goodwill due to DEFENDANT's acts.

132.     PLAINTIFF is entitled to compensatory, statutory and enhanced damages, attorneys' fees and costs of suit incurred in connection with this action, and preliminary and permanent injunctive relief.

**THIRD CAUSE OF ACTION**

**UNFAIR COMPETITION BY USE OF PACKAGING TRADE DRESS IN VIOLATION**

COMPLAINT                          23

**OF SECTION 43(a)(1)(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)**

133.    PLAINTIFF realleges paragraphs 1 through 133 above as if fully set forth herein.

134.    Defendant has advertised, offered for sale and sold DEFENDANT's accused cat bed using packaging trade dress that is substantially similar to PLAINTIFF'S packaging trade dress in PLAINTIFF's CAT BALL cat bed.

135.    This use of PLAINTIFF'S packaging trade dress in PLAINTIFF's CAT BALL cat bed on or in connection with DEFENDANT's goods or services, and/or on DEFENDANT's containers for its goods, constitutes use in of a word, term, name that is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of DEFENDANT with PLAINTIFF, and also is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of DEFENDANT's goods, services, or commercial activities by PLAINTIFF.

136.    DEFENDANT willfully and intentionally committed the acts described in the preceding two paragraphs.

137.    PLAINTIFF has sustained and will continue to sustain substantial damages and harm including harm to PLAINTIFF's reputation and goodwill due to DEFENDANT's acts.

138.    PLAINTIFF is entitled to compensatory, statutory and enhanced damages, attorneys' fees and costs of suit incurred in connection with this action, and preliminary and permanent injunctive relief.


**FOURTH CAUSE OF ACTION**

COMPLAINT                    24

**UNFAIR COMPETITION BY USE OF PRODUCT TRADE DRESS IN VIOLATION OF SECTION 43(a)(1)(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)**

139.    PLAINTIFF realleges paragraphs 1 through 138 above as if fully set forth herein.

140.    Defendant has advertised, offered for sale and sold DEFENDANT's accused cat bed using product trade dress that is substantially similar to PLAINTIFF'S product trade dress in PLAINTIFF's CAT BALL cat bed.

141.    This use of PLAINTIFF'S product trade dress in PLAINTIFF's CAT BALL cat bed on or in connection with DEFENDANT's goods or services, and/or on DEFENDANT's containers for its goods, constitutes use in of a word, term, name that is a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of DEFENDANT with PLAINTIFF, and also is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of DEFENDANT's goods, services, or commercial activities by PLAINTIFF.

142.    DEFENDANT willfully and intentionally committed the acts described in the preceding two paragraphs.

143.    PLAINTIFF has sustained and will continue to sustain substantial damages and harm including harm to PLAINTIFF's reputation and goodwill due to DEFENDANT's acts.

144.    PLAINTIFF is entitled to compensatory, statutory and enhanced damages, attorneys' fees and costs of suit incurred in connection with this action, and preliminary and permanent injunctive relief.

COMPLAINT                                25

GRAYBEAL JACKSON LLP
400-108TH AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

**FIFTH CAUSE OF ACTION**

**STATE FALSE ADVERTISING, RCW 9.04.010 AND RCW 9.04.050**

145.    PLAINTIFF realleges paragraphs 1 through 144 above as if fully set forth herein.

146.    DEFENDANT's acts as described above, demonstrate that DEFENDANT has published, disseminated or displayed, or caused to be published, disseminated or displayed, one or more instances of false, deceptive or misleading advertising, with knowledge of the facts which render the advertising false, deceptive or misleading.

147.    DEFENDANT's acts were for business, trade or commercial purposes or for the purpose of inducing, or likely to induce, directly or indirectly, the public to purchase, consume, lease, dispose of, utilize or sell at least DEFENDANT's accused products or cease to purchase PLAINTIFF's CAT BALL cat bed products.

148.    DEFENDANT' acts violate the Washington State False Advertising statutes, RCW 9.04.010 and RCW 9.04.050.

149.    PLAINTIFF are entitled to compensatory, statutory and enhanced damages, attorneys' fees and costs of suit incurred in connection with this action, and preliminary and permanent injunctive relief.


**SIXTH CAUSE OF ACTION**

**STATE LAW UNFAIR COMPEITION, RCW 19.86.020**

150.    PLAINTIFF realleges paragraphs 1 through 149 above as if fully set forth herein.

151.    DEFENDANT' actions described above constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

COMPLAINT                          26

152.    PLAINTIFF are entitled to compensatory, statutory and enhanced damages, attorneys' fees and costs of suit incurred in connection with this action, and preliminary and permanent injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief as follows:

PLAINTIFF realleges paragraphs 1 through 152 above as if fully set forth herein.

1.    For a determination that DEFENDANT has engaged in false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

2.    For a determination that DEFENDANT has intentionally and willfully engaged in false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

3.    For a determination that DEFENDANT has engaged in unfair competition by use of PLAINTIFF'S "CAT BALL" brand name in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

4.    For a determination that DEFENDANT has intentionally and willfully engaged in unfair competition by use of PLAINTIFF'S "CAT BALL" brand name in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

5.    For a determination that DEFENDANT has engaged in unfair competition by use of PLAINTIFF's packaging trade dress in PLAINTIFF's "CAT BALL" cat bed in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

6.    For a determination that DEFENDANT has intentionally and willfully engaged in unfair competition by use of PLAINTIFF's packaging trade dress in PLAINTIFF's "CAT BALL" cat bed

COMPLAINT                              27

in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

7.      For a determination that DEFENDANT has engaged in unfair competition by use of PLAINTIFF's product trade dress in PLAINTIFF's "CAT BALL" cat bed in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

8.      For a determination that DEFENDANT has intentionally and willfully engaged in unfair competition by use of PLAINTIFF's product trade dress in PLAINTIFF's "CAT BALL" cat bed in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

9.      The Court enter judgment that DEFENDANT has violated the Washington State False Advertising statutes, RCW 9.04.010 and RCW 9.04.050.

10.     The Court enter judgment that DEFENDANT has intentionally and willfully violated the Washington State False Advertising statutes, RCW 9.04.010 and RCW 9.04.050.

11.     The Court enter judgment that DEFENDANT competed unfairly in violation of RCW 19.86.020.

12.     The Court enter judgment that DEFENDANT has intentionally and willfully competed unfairly in violation of RCW 19.86.020.

13.     The Court enter judgment regarding DEFENDANT as follows:

    A.      The Court enter judgment finding that this is an exceptional case;

    B.      The Court issue temporary, preliminary, and permanent injunctions ordering DEFENDANT to, *inter alia,* immediately cease all distribution and dissemination of advertisements stating that DEFENDANTS' accused products are "unique" and/or "one-of-a-kind" and any colorable facsimile of such statement;

COMPLAINT                    28

C.      The Court order a recall of all of the DEFENDANTS' advertising, websites, and the like currently in the marketplace containing any false or misleading statement described herein or otherwise proven during this litigation;

D.      The Court order DEFENDANT to engage in a program of corrective advertising, satisfactory to PLAINTIFFS, to ameliorate the false and misleading information that DEFENDANTS have promulgated;

E.      The Court order a recall of all of the DEFENDANTS' accused products currently in the marketplace;

F.      The Court grant an award of all damages permitted under law to compensate PLAINTIFFS for injury it has sustained as a consequence of DEFENDANTS' unlawful acts;

G.      The Court grant an award of enhanced damages as appropriate;

H.      The Court grant an award of punitive damages in an amount sufficient to punish and deter DEFENDANT from engaging in further knowing acts of false advertising and/or unfair competition;

I.      The Court grant the reasonable attorneys' fees PLAINTIFF incurs in connection with this action;

///

///

///

COMPLAINT                    29

14.     For costs of this lawsuit; and,

15.     For such further other, different and/or additional relief as the Court deems just and equitable.

DATED this 28th day of February, 2014.

Respectfully submitted,

/s/Joshua King
Joshua King, WSBA #22244
Graybeal Jackson LLP
Attorneys for PLAINTIF
THE CAT BALL, LLC

COMPLAINT                    30

GRAYBEAL JACKSON LLP
400-108TH AVENUE, SUITE 700
BELLEVUE, WASHINGTON 98004
(425) 455-5575

1

2                          **DEMAND FOR JURY TRIAL**

3          PLAINTIFF THE CAT BALL, LLC hereby demands a jury trial of all claims and issues

4   herein on which it is entitled thereto.

5          DATED this 28th day of February, 2014.

6

7                                      Respectfully submitted,

8                                      /s/Joshua King
                                       Joshua King, WSBA #22244
9                                      Graybeal Jackson LLP
                                       Attorneys for PLAINTIF
10                                     THE CAT BALL, LLC

11

12

13

14

15

16

17

18

19

20

21

22

COMPLAINT                    31